UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANEEN JERYO,

        Plaintiff,

v.

U.S. EMBASSY AND CONSULATE IN TURKEY,

        Defendant.
_____/

Case No. 2:25-cv-11671

Honorable Anthony P. Patti

**<u>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (ECF No. 15) AS UNOPPOSED, STRIKING SEVERAL OF PLAINTIFF'S FILINGS (ECF Nos. 11, 12, 14), SETTING A DEADLINE FOR PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS (ECF No. 4), and NOTICING AN IN-PERSON HEARING</u>**

**A.    Introduction**

On June 5, 2025, via counsel, Baneen Jeryo initiated this matter by filing a petition for writ of mandamus "to compel a decision on her application for an immigrant visa," which had then allegedly "been pending with the U.S. Embassy & Consulate in Turkey for approximately 13 months." (ECF No. 1, ¶ 1.)

Although Judge Michelson was originally assigned to this case, the parties have since consented to my jurisdiction. (ECF Nos. 8, 9.)

1

### B.  Pending Dispositive Motion

Among the motions currently pending before the Court is Defendant's August 25, 2025 motion to dismiss.  (ECF No. 4.)  Ordinarily a response would have been due on September 15, 2025.  E.D. Mich. LR 7.1(e)(2)(A).  However, on September 16, 2025, Plaintiff filed an unopposed motion for an extension of time *to respond to Defendant's motion to dismiss* (*see* ECF No. 10 (emphasis added)) − a deadline governed by E.D. Mich. LR 7.1(e)(2)(A) − which the Court granted on September 17, 2025, noting that Plaintiff "shall have up to and including September 29, 2025 by which *to file a response* to Defendant's motion to dismiss (ECF No. 4)."  (Text-only order (emphasis added)).  The Court did not, however, extend the deadline for filing an amended complaint "as a matter of course" under Fed. R. Civ. P. 15(a)(1)(B), which requires such *amended pleadings* to be served "21 days after service of a motion under Rule 12(b), (e), or (f) . . . ."  *See* 3 *Moore's Federal Practice*—Civil, § 15.12[3] & [4] ("there is, in fact, only one, single 21-day period available for amending 'as a matter of course' since "the time period for amendments 'as a matter of course' was sharply curtailed to a fixed, predictable, and reasonably short period.")  The *earliest* served responsive pleading or motion starts that single period running.  Plaintiff's motion did not mention an extension of the deadline for amending pleadings

2

as of right under Rule 15, and the motion was filed after that deadline had expired.

On September 29, 2025, Plaintiff filed a response (ECF No. 11); however, Plaintiff responds to the motion "as if it were directed towards the first amended complaint[,]" presumably the same-day "first amended petition for writ of mandamus" (ECF No. 12), which Plaintiff claims to have filed "as a matter of course[.]" (ECF No. 11, PageID.68.)[1] On September 30, 2025, Plaintiff filed a "notice of corrected filing regarding Plaintiff's first amended complaint," to correct numbering and comply with the font size required by this Court's Local Rules (*see* ECF No. 14), attached to which is a "corrected first amended petition for writ of mandamus" (*see* ECF No. 14-1).

C. **Motion to Strike**

On October 1, 2025, Defendant filed a motion (ECF No. 15) to strike Plaintiff's September 29, 2025 amended petition for writ of mandamus (*see*

---

[1] In support of this, Plaintiff's separately filed notice cites a non-binding case, which itself appears to have quoted a prior version of Fed. R. Civ. P. 15(a). *See James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282–83 (D.C. Cir. 2000) ("The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading.") (referencing Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served....")). (*See* ECF No. 13, PageID.87.)

3

ECF No. 12), September 30, 2025 corrected amended petition for writ of mandamus (*see* ECF No. 14), and September 29, 2025 response in opposition to Defendant's motion to dismiss (*see* ECF No. 11).

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Plaintiff's response to Defendant's October 1, 2025 motion was due as early as October 15, 2025 or as late as October 22, 2025. *See* E.D. Mich. LR 7.1(e) ("Briefing Schedule."). To date, Plaintiff has not filed either a response to the motion to strike or a motion to extend the deadline to respond to the motion to strike.

### D. Order

Upon consideration, Defendant's motion to strike (ECF No. 15) is **GRANTED AS UNOPPPOSED**. Accordingly, the Clerk of the Court is **DIRECTED TO STRIKE** the subject filings (ECF Nos. 11, 12, 14) from the record.[2] Plaintiff's deadline to respond to Defendant's August 25, 2025

---

[2] There are other bases to strike these filings, beyond the lack of opposition and the above citations to E.D. Mich. LR 7.1 and Fed. R. Civ. P. 15(a)(1)(B). While Plaintiff's September 30, 2025 filing (*see* ECF No. 14, PageID.89) admits to formatting problems with the first amended complaint (*see* ECF No. 12), the corrected first amended petition for writ of mandamus also does not comply with E.D. Mich. LR 5.1(a)(2)'s formatting requirements, as it is not double-spaced (*see* ECF No. 14-1), and the Court additionally notes that Plaintiff's response (ECF No. 11) does not appear to comply with E.D. Mich. LR 5.1(a)(3)'s type-size requirements.

motion (*see* ECF No. 4) to dismiss the initial, June 5, 2025 petition for writ of mandamus (*see* ECF No. 1) is hereby extended to **December 23, 2025**. Defendant shall file any reply in accordance with E.D. Mich. Local Rules 7.1(e)(2)(B).  The parties' filings must comply with E.D. Mich. LR 5.1(a)(2) ("Format.").  Moreover, the parties **SHALL** appear for an in-person motion hearing on **March 11, 2026 at 2 p.m.**

    IT IS SO ORDERED.


Dated:  November 26, 2025

                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE