UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANEEN JERYO,

    Plaintiff,

v.

U.S. EMBASSY AND CONSULATE IN TURKEY,

    Defendant.
_____/

Case No. 2:25-cv-11671

Honorable Anthony P. Patti

## **ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**

On June 5, 2025, via counsel, Baneen Jeryo initiated this matter by filing a petition for writ of mandamus "to compel a decision on her application for an immigrant visa," which had then allegedly "been pending with the U.S. Embassy & Consulate in Turkey for approximately 13 months." (ECF No. 1, ¶ 1.) Although Judge Michelson was originally assigned to this case, the parties have since consented to my jurisdiction. (ECF Nos. 8, 9.)

Currently pending before the Court is Defendant's August 25, 2025 motion to dismiss. (ECF No. 4.) On November 26, 2025, the Court struck several of Plaintiff's filings (ECF Nos. 11, 12, 14) from the record and set December 23, 2025 as Plaintiff's deadline to respond. (ECF No. 16.) Nearly two weeks after

Plaintiff's deadline to respond, Plaintiff had yet to do so. Therefore, the Court entered a text-only order, which stated:

> On November 16, 2026, the Court entered an order (ECF No. 16 ), which, inter alia: (1) directed the Clerk of the Court to strike several filings, including Plaintiff's September 29, 2025 response (see ECF No. 11 ); and, (2) set a deadline of December 23, 2025 by which to respond to the government's motion to dismiss (see ECF No. 4). To date, Plaintiff has not filed a response. Accordingly, Plaintiff is DIRECTED to SHOW CAUSE in writing and no later than January 19, 2026 as to why this case should not be dismissed for failure to prosecute (see Fed. R. Civ. P. 41(b) & E.D. Mich. LR 41.2). Failure to comply with this order may result in dismissal of Plaintiff's lawsuit. It is SO ORDERED.

(Text-Only Order, Jan. 5, 2026.)

Plaintiff's deadline has now passed, without any filing from Plaintiff. Therefore, consistent with the warning in the Court's January 5, 2026 text-only order, Plaintiff's lawsuit is, hereby, dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); E.D. Mich. LR 41.2 ("when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown.").

**IT IS SO ORDERED.**

Dated: January 21, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

3